HOOKER, J., not voting.

───────────

CRILLEY v. NEW AMSTERDAM GAS CO.

(Supreme Court, Appellate Division, Second Department. June 9, 1905.)

MASTER AND SERVANT—UNSAFE TOOLS—NEGLIGENCE—EVIDENCE—SUFFICIENCY.
    In an action for injuries to a servant, caused by being struck in the eye by a sliver from a chisel, which was selected for and given to him by the foreman, evidence *held* sufficient to authorize a finding that the chisel was made of unsuitable material, and that the injury was caused by the master's negligence in furnishing the same.

Appeal from Trial Term, Kings County.

Action by Daniel F. Crilley against the New Amsterdam Gas Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

William J. Bogenshutz, for appellant.

Edwin A. Jones (Albert Van Winkle, on the brief), for respondent.

MILLER, J. The evidence in this case would have warranted a jury in finding that the plaintiff, a boiler maker, while temporarily in the employ of the defendant, to whom he was sent by his regular employers, while engaged in cutting off the heads of rivets on a hydrogen generator was injured by being struck in the eye by a sliver from a chisel which he was using; that the plaintiff had had trouble with the chisels theretofore furnished him, caused by their breaking, of which he had complained to the defendant's foreman; that said foreman had brought him the chisel causing the injury,

and had assured him that it was all right, and that upon an examination before using it, so far as the plaintiff could discover, it appeared to be all right; that it had·been struck only a few times with the hammer when the sliver from the head of the chisel struck the plaintiff in the eye, causing an injury which resulted in the loss of the sight of the eye; that the cause of the chisel breaking was the fact that it was made of coarse-grained steel; that it was not customary to use anything but fine-grained steel in the making of chisels to be used for the purpose for which this one was used, for the reason that the coarse-grained steel will sliver away and break from the effect of blows, while the fine-grained steel will not; that, therefore, coarse-grained steel was not suitable to be used for the purpose; that the chisels were made by the defendant's blacksmith of steel furnished by the defendant, but not at the same place where plaintiff was working.

The foregoing statement will suffice to show that a jury might have found that the cause of the plaintiff's injury was the negligence of the defendant in omitting to discharge the duty which it owed to the plaintiff of furnishing him reasonably safe tools and appliances, and that the tool furnished was made of unsuitable material, which it was not customary to use for the purpose. Therefore, without further discussion, it is apparent that the court erred in nonsuiting the plaintiff, for which reason the judgment must be reversed, and a new trial granted; costs to abide the event. All concur.